UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Cynthia Hudson

    v.                                            Civil No. 11-cv-90-JL

Town of Weare et al.

### SUMMARY ORDER

Both sides in this civil rights action, dissatisfied with this court's order granting summary judgment to defendants as to some claims and denying it as to others, see Order of Nov. 16, 2012 ("Order"), have moved the court to reconsider that decision. Defendants, whose original arguments in favor of summary judgment on plaintiff Cynthia Hudson's federal and state-law wrongful detention claims fell flat, have used their motion to reconsider to brief entirely new arguments. They assert that this court erred--manifestly--in not addressing these previously unbriefed arguments. For her part, Hudson contends that the court, in granting summary judgment to defendants on her federal and state-law claims for wrongful arrest and malicious prosecution, misapplied the undisputed facts. Neither motion demonstrates any "manifest error of fact or law" in the court's rulings. L.R. 7.2(e). Both are denied.

## I.  **Defendants' motion for reconsideration**

Defendants take issue with the court's decision leaving standing three of Hudson's claims against them, to wit:

- Hudson's claim under 42 U.S.C. § 1983 against Daniel Aiken, the officer who pulled her over, charging that he lacked reasonable suspicion that she had violated the law at the time he stopped her;

- Hudson's claim against the Town of Weare and its police chief under § 1983, seeking to hold them liable for the allegedly unconstitutional traffic stop under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); and

- Hudson's state-law false arrest claim against all three defendants arising from the same stop.

Defendants' memoranda in support of summary judgment on these claims argued that Aiken had reasonable suspicion to believe that Hudson "was impaired due to the manner in which she was operating her car" when he stopped her. Memo. in Supp. of Mot. for Summ. J. (document no. 19-1) at 6-7; see also id. at 19-20.  Defendants did not seek to defend the lawfulness of the traffic stop on any other basis.  Nor did they argue in their memoranda that the Town and the chief were entitled to summary judgment on Hudson's Monell claim because Aiken did not act pursuant to a policy or custom of the Weare police department; their sole argument in favor of summary judgment on that claim was that Hudson had "not suffered a deprivation of any constitutional right." Id. at 17.

As discussed in the Order, defendants' arguments were inconsistent with Hudson's version of the facts, which was that

2

she did nothing more than activate her turn signal and then shut it off shortly thereafter without turning, only to ultimately activate it again less than 500 yards later and turn. Under this version of the facts, the court held, the presence of reasonable suspicion that Hudson was impaired was "not even arguable," making summary judgment on Hudson's federal and state claims arising from the stop inappropriate. Order at 3.

Having thus struck out, defendants now seek to defend the lawfulness of the stop on alternate grounds. While the facts, viewed in the light most favorable to Hudson, may not engender reasonable suspicion that she was impaired, defendants argue, they do establish reasonable suspicion that she violated other traffic laws--which defendants finally cite in their motion for reconsideration. For good measure, defendants have also gotten around to arguing that the Town and the chief cannot be held liable under Monell because the record "contains no evidence of an unconstitutional custom, practice, or policy under which Officer Aiken was operating when he performed his investigatory stop." Defts.' Mot. for Recons. (document no. 27) at 8.[1]

---

[1] The court acknowledges that at oral argument on defendants' summary judgment motion, counsel did mention, in passing, both these unbriefed arguments. But, as this court has repeatedly held, "theories raised for the first time at oral argument" will not be considered "out of fairness to adverse parties and the court." Johnson v. Gen. Dynamics Info. Tech., Inc., 675 F. Supp. 2d 236, 241 n.3 (D.N.H. 2009). Nor, as discussed infra, is a

Both these arguments come too late.  It is well-established in this Circuit that "[a] motion for reconsideration is not a vehicle for the introduction of arguments that could and should have been made to the district court earlier." Fábrica de Muebles J.J. Álvarez, Inc. v. Inversiones Mendoza, Inc., 682 F.3d 26, 33 (1st Cir. 2012); see also Vallejo v. Santini-Padilla, 607 F.3d 1, 7 n.4 (1st Cir. 2010).  In light of this inveterate rule, it is difficult to discern any good-faith basis for defendants' motion.[2]

---

motion for reconsideration a proper vehicle for presenting new theories in favor of summary judgment.  Rather, as our court of appeals has held, "a party has a duty to incorporate all relevant arguments in the papers that directly address a pending motion." Rocafort v. IBM Corp., 334 F.3d 115, 122 (1st Cir. 2003) (internal quotation marks omitted).

[2]This observation, and some of those that follow, may strike counsel as unduly harsh or critical.  But counsel need to be mindful that substantive motion practice, and summary judgment practice in particular, requires a significant expenditure of judicial resources.  While the court may not adopt or concur with every position advanced by the parties, it strives to give full consideration to all of them.  Expecting the court and opposing counsel, however, to respond to arguments and authority that were not briefed is unreasonable.  Doing so while simultaneously arguing that an opponent's unbriefed arguments have been waived-- as defendants did at oral argument on their summary judgment motion, when Hudson made factual arguments extraneous to her memoranda, and as they have done in response to Hudson's motion to reconsider–-strikes the court as less than ingenuous.  And asserting that the court committed "manifest error" in not considering unbriefed arguments and authority is not only contrary to applicable law, it tests the borders of good faith.

The court takes no pleasure in making these observations, especially in this case with these particular counsel, who the court holds in the highest personal and professional regard.

Defendants apparently take the position that once the court had identified the material facts as to which there was no genuine dispute and viewed the rest in the light most favorable to Hudson,³ it was duty-bound to scour the New Hampshire Revised Statutes Annotated and the United States Code in search of some law that, based upon those facts, Hudson arguably violated. See Defts.' Mot. for Recons. at 3 (citing Lamar v. Micou, 114 U.S. 218, 223 (1885), for the proposition that "courts of the United States are bound to take judicial notice" of state laws "without plea or proof"). If that is in fact what defendants are arguing, they are seriously mistaken. Federal courts will not "do counsel's work," Holmes v. Spencer, 685 F.3d 51, 68 (1st Cir. 2012), and are not "obliged to dream up and articulate [parties']

---

Counsel in this case are highly skilled and experienced in the subject matter involved, and practice at a high level. Their written submissions and oral presentations are ordinarily a pleasure to consider and aid the court's analysis. These motions for reconsideration (and the court includes here Hudson's motion, which relies in part on evidence she could have presented to the court earlier, but did not) do not fit that description.

³This task, the court should mention, was needlessly complicated by defendants' blatant misstatement of what those facts were in their motion for summary judgment. By way of example only, although Hudson unambiguously denied in her deposition that she had (1) exceeded the speed limit; (2) veered within her traffic lane; (3) drifted out of her lane; or (4) driven onto the dirt shoulder, defendants presented all of these facts as "undisputed" in their initial memorandum. See Memo. in Supp. of Mot. for Summ. J. at 1-2. This demonstrated a lack of candor on defendants' part--to put it mildly. It also resulted in unnecessary expenditures of time and effort by both Hudson's counsel and this court.

arguments for them," Cruz-Erazo v. Rivera-Montañez, 212 F.3d 617, 622 n.3 (1st Cir. 2000).  The court did not err, manifestly or otherwise, in failing to do so here.

The defendants are also incorrect insofar as they suggest that once they had argued that summary judgment should be granted on Hudson's Monell claim because no constitutional violation had occurred, Hudson needed to produce evidence sufficient to satisfy every element of that claim.  That is not how summary judgment functions.  The "party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law."  Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000). "[U]nless the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact," the nonmoving party has "no obligation to offer evidence supporting its own case."  Id. at 133.  Where defendants' summary judgment memoranda did not betray the faintest whiff of an argument that Hudson lacked evidence of an unconstitutional custom, practice, or policy, she was not required to come forward with such evidence.  And, again, the court did not err in failing to grant summary judgment due to the absence of such evidence.

None of this is to say, of course, that defendants cannot present these arguments at a later time.  If, indeed, Hudson

lacks evidence that Aiken stopped her pursuant to a custom, practice, or policy of the Weare police department, then defendants may move for judgment as a matter of law under Federal Rule of Civil Procedure 50(a)(1) when she fails to present such evidence at trial.  Similarly, if the facts found by the jury at trial would create reasonable suspicion that, prior to the stop, Hudson arguably violated the law--including one of defendants' newly-discovered traffic laws--defendants may so argue at the appropriate time (though they may wish to revisit their intention to rely on these newly-discovered laws if the evidence at trial substantiates Hudson's version of events).  The court did not commit manifest error, however, in not granting summary judgment to defendants on the basis of arguments not properly before it.

## II.  Plaintiff's motion for reconsideration

Hudson's motion, although it has more to recommend it than defendants' motion, also fails.  In arguing that the court erred in granting summary judgment to defendants on the claims arising from her arrest, Hudson contends that because Aiken arrested her for driving while impaired by narcotics, "the question here is whether [he had] probable cause to believe Hudson was impaired by narcotics when he handcuffed Hudson."  Pl.'s Mot. to Recons. (document no. 25) at 6-7.  But "the probable cause inquiry is not necessarily based upon the offense actually invoked by the

arresting officer but upon whether the facts known at the time of the arrest objectively provided probable cause to arrest." United States v. Jones, 432 F.3d 34, 41 (1st Cir. 2005) (citing Devenpeck v. Alford, 543 U.S. 146 (2004)).  As detailed in the Order, the facts known to Aiken when he took Hudson into custody objectively provided him with probable cause to believe that she had been driving under the influence of a controlled substance-- even if, as Hudson contends, the objective facts did not support his suspicions as to the precise nature of that substance.  This is so even though Aiken did not have rock-solid "evidence indicating drug use."  Mot. to Recons. at 8.  "Probable cause . . . does not require evidence sufficient to convict the individual, but merely enough to warrant a reasonable belief that [she] was engaging in criminal activity."  Jones, 432 F.3d at 43.  The facts known to Aiken warranted such a belief.[4]

---

[4] Hudson's observation that "it is entirely legal to drive while impaired by fatigue, by illness, by excessive caffeine, by inhaling toxic fumes at work, or by any other condition or malady so long as the impairment is not caused by alcohol or controlled drugs," Pl.'s Mot. to Recons. at 7, does not alter this conclusion.  For one, Hudson does not explain, and the court does not see, how the facts Aiken observed make her impairment by one of these sources more likely than (or even equally likely as) her impairment by a controlled substance.  But more to the point, "once the police possess an evidentiary foundation sufficient to establish probable cause to arrest, they are not required to investigate further in order to rule out all conceivable alternative explanations."  Kauch v. City of Cranston, 59 Fed. Appx. 350, 350-51 (1st Cir. 2003); see also Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 10-11 (1st Cir. 2004).

Similarly, the facts known to Aiken at the time he decided to charge Hudson with driving under the influence warranted a belief that she had committed that offense--even if, again, those facts did not support his belief that she was impaired by a narcotic drug of some kind.  An individual defendant cannot be held liable under § 1983 "so long as the presence of probable cause is at least arguable," Glik v. Cunniffe, 655 F.3d 78, 88 (1st Cir. 2011), and that was the case here.  And, as the court noted on the record at the summary judgment hearing, given the evidence indicating that Hudson had potentially been driving under the influence of a controlled substance, no reasonable finder of fact could conclude that Aiken "acted maliciously or for a purpose other than bringing the plaintiff to justice," which is an element of a malicious prosecution claim both under § 1983,[5] McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009), and at common-law, Dennis v. Town of Loudon, 2012 DNH 165, 19-20.

In sum, the court did not commit manifest error in granting summary judgment on these claims.

---

[5] The court assumes, arguendo, that a malicious prosecution claim can lie under 42 U.S.C. § 1983.  As Hudson candidly acknowledges, that is an unsettled question in this Circuit, see Harrington v. City of Nashua, 610 F.3d 24, 30 (1st Cir. 2010), and this court will not undertake to settle it at this time.

## III. Conclusion

For the foregoing reasons, the parties' competing motions to reconsider[6] are DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: December 11, 2012

cc:  Michael J. Sheehan, Esq.
     Nicholas Brodich, Esq.
     Charles P. Bauer, Esq.

---

[6]Documents no. 25, 27.